UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,    )
                             )
                             )
                             )
     v.                      )    No. 09-CR-10017-GAO
                             )
TAREK MEHANNA                )
                             )
                             )
```

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR PRODUCTION OF ALL FISA APPLICATIONS, ORDERS, AND RELATED MATERIALS, AND FOR DISCLOSURE OF ALL OTHER ELECTRONIC SURVEILLANCE OF THE DEFENDANT

The United States of America, by and through United States Attorney Carmen M. Ortiz, Assistant United States Attorneys ("AUSA") Jeffrey Auerhahn and Aloke S. Chakravarty, and Jeffrey Groharing, Trial Attorney, Counterterrorism Section, United States Department of Justice, hereby responds to the defendant's request for production of all FISA applications, orders, and related materials, and for disclosure of all other electronic surveillance of the defendant.

The defendant's motion has triggered the procedures under Section 1806(f) of FISA. That section requires an *in camera* and *ex parte* review by the district court "whenever any motion or request is made by an aggrieved person pursuant to any other statute or rule of the United States... to discover or obtain applications or orders or other materials relating to electronic surveillance or to discover, obtain, or suppress evidence or information obtained or

derived from electronic surveillance under this chapter."[1] Specifically, "the United States district court...shall...if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States, review *in camera* and *ex parte* the application, order and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted." Upon the proper filing of such an affidavit or declaration[2] by the Attorney General, the court "may disclose to the aggrieved person, under appropriate security procedures and protective orders, portions of the application, order, or other materials relating to the surveillance (or physical search) only where such disclosure is necessary to make an accurate determination of the legality of the surveillance (or physical search)."  50 U.S.C. §§ 1806(f), 1825(g); See United States v. Johnson, 952 F.2d 565 (1st Cir. 1990)(holding that the "proper procedure" is *in camera* and *ex parte* review when the Attorney General files an affidavit pursuant to section 1806(b)).  If the district court is able to make an accurate determination in regard to the legality of the surveillance based on an *in camera*, *ex parte* review of the materials submitted by the

---

1. 50 U.S.C. § 1805(f).

2. Whenever an "affidavit" is required, a declaration may also be filed with "like force and effect."  28 U.S.C. § 1746.

United States, then the court may not order disclosure of any of the FISA materials. Johnson, 952 F.2d at 571-72.

The defendant's motion indicates that he also intends to separately file a motion to suppress illegally obtained FISA evidence.[3] These motions are traditionally resolved by the District Court at the same time since the process of *in camera* review of classified FISA applications and supporting documents is a time-consuming one. For the FISC to assemble the documents itself is a time-consuming process which requires several weeks and coordination with offices in the National Security Division. Therefore, in the interest of judicial economy and in light of the fact that other discovery motions have not yet been resolved, with the assent of the defendant, the government recommends that the court table this motion until the other discovery issues are resolved and the defendant has filed his anticipated motion to suppress. Notwithstanding the fact that the instant motion has triggered a review by this court, the government respectfully requests that if nececessary, the judge direct the defendant to file his motion to suppress by a date certain, with a response date three months following such date.

After conferring with counsel, the parties agree that the government should file its opposition to the defendant's FISA-related discovery and suppression motions on or about 90 days

---

3. Defendant's Motion at 2.

3

following the defendant's filing of a motion to suppress FISA-derived information. Counsel for the defendant anticipates filing such a motion within the next week. If there is an update to this agreed-upon schedule, the parties will notify the court.

The proposed schedule will provide additional time for the defense to draft and file their suppression motion taking into account the Court's rulings on other pending discovery motions and permit the government to respond to the defendant's arguments contained in the suppression motion, as well as the instant motion, in one filing, and will result in a better briefing of the issues before the Court. It would be inefficient, and inconsistent with the review contemplated by the Foreign Intelligence Surveillance Act, to require the government to respond to the instant motion, and then respond again once the defendant has filed his motion to suppress. In addition, based on prior experience of the National Security Division Office of Intelligence, the proposed schedule should allow the government the time necessary to assemble the appropriate information pursuant to the statute. In addition to the logistics of obtaining all necessary paperwork permitted to be submitted under the FISA statue, the government must coordinate its response with various entities, including the Office of the Attorney General and the Federal Bureau of Investigation.

In brief, and with due regard to the unclassified nature of this filing,[4] there is a sequence to the events that will culminate in the government's filing of both a classified and an unclassified response that necessitates that additional time beyond the standard motion response due dates, be allowed the government.

The government provided notice to the defendant of its intent to file this motion.  Counsel for the defendant has assented to this motion.

                                      Respectfully submitted,

                                      CARMEN M. ORTIZ
                                      United States Attorney

                                      BY:

                                      Jeffrey Auerhahn
                                      Aloke Chakravarty
                                      Assistant United States Attorneys

                                      <u>/S/ Jeffrey D. Groharing</u>
                                      JEFFREY D. GROHARING
                                      Trial Attorney
                                      Counterterrorism Section
                                      National Security Division
                                      U.S. Department of Justice

Date: January 21, 2011

---

[4]. Should the Court require more specific information regarding the necessary steps to properly respond to a motion to suppress under FISA, the government can provide it in a classified filing.

CERTIFICATE OF SERVICE

    I hereby certify that I have discussed this matter with counsel, and this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                    /S/ Aloke Chakravarty
                                    ALOKE CHAKRAVARTY
                                    Assistant U.S. Attorney