```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,     )
                              )
                              )
                              )
     v.                       )    No. 09-CR-10017-GAO
                              )
TAREK MEHANNA                 )
                              )
                              )
```

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR A HEARING CONCERNING INFORMATION PREVIOUSLY PROVIDED TO THE COURT BY THE GOVERNMENT

The United States of America, by and through United States Attorney Carmen M. Ortiz, Assistant United States Attorneys ("AUSA") Jeffrey Auerhahn and Aloke S. Chakravarty, and Jeffrey Groharing, Trial Attorney, Counterterrorism Section, United States Department of Justice, hereby responds to the defendant's request for a hearing on the disclosure of documents previously submitted by the government *ex parte*. The defendant also requests that the Court order the government to provide a description of the classified information in such form as the court may approve. For the reasons stated below, the defendant's requests should be denied.

The United States Congress enacted the Classified Information Procedures Act (CIPA)[1] in 1980 to ensure that the government could

---

1. 18 U.S.C. App. III.

protect itself against "graymail," a practice that some defendants had used in national security cases in an attempt to cause the government to forego the prosecution or risk the disclosure of national security intelligence information. See United States v. Anderson, 872 F.2d 1508, 1514 (11th Cir. 1989)(describing "graymail").  Prior to the enactment of CIPA, the United States did not have a formal statutory scheme for evaluating such potential disclosure threats before trials began. Rather than risk disclosure of classified information, the government sometimes opted to abandon prosecution of a defendant.

CIPA established procedures for federal criminal cases which apply at the pretrial, trial, and appellate stages of a case. The statute provides a procedural mechanism in which the court can balance the due process rights of the defendant with the right of the government to prevent disclosures of classified information, including classified sources and methods, that might jeopardize national security.  See United States v. Collins, 720 F.2d 1195, 1197 (11th Cir. 1983); United States v. Rezaq, 134 F.3d 1121, 1142 (D.C. Cir. 1988) (discussing the balance between national security and the due process rights of the defendant).

CIPA Section 4 provides that the government may make an "*ex parte*" showing which could result in a court: (1) deleting certain classified information from documents to be made available to the defense during discovery; (2) substituting a summary of the

information contained in the classified documents; or (3) substituting a statement admitting relevant facts that the classified information would tend to prove.  See United States v. Yunis, 867 F.2d 617, 621 (D.C. Cir. 1989) (describing the application of Section 4); United States v. Sarkissian, 841 F.2d 959, 965-66 (9th Cir. 1988) (approving *in camera*, *ex parte* proceedings because "an adversary hearing with defense knowledge would defeat the purpose of the discovery rules"); United States v. Pringle, 751 F.2d 419, 427-28 (1st Cir. 1984) ("We rule that the government correctly followed the pertinent sections of CIPA in this case and the court's *ex parte in camera* inspection of the documents was authorized under § 4 of CIPA and Federal Rule of Criminal Procedure 16(d)(1).").

To the extent the United States has invoked Rule 16 and CIPA Section 4 to make an *ex parte*, *in camera* presentation of materials to the Court in the present case, a hearing to discuss such a filing or the information contained therein as suggested by the defendant would clearly be inappropriate and contrary to the purpose of CIPA.

In addition to requesting a hearing, the defendant, citing 18 U.S.C. App. 3 § 6 (CIPA Section 6), requests that the Court order the government to provide a description of the classified information in such form as the Court may approve.  The defense reliance on CIPA Section 6 under these circumstances is misplaced.

At this juncture, the government only intends to use unclassified evidence against the defendant.  Consequently, the defendant has received only unclassified information in discovery.  If in the future the defense counsel (as opposed to the defendant who would be precluded from access to classified information) is given access to classified information, then he would have to follow the notice provisions of CIPA Section 5 before pre-trial litigation of classified information would be necessary.  A review of the entire text of CIPA provides helpful context to CIPA Section 6 and demonstrates its inapplicability to the defense request in the present circumstances.

In certain cases, it may be necessary for the defendant to disclose classified information in a trial or pretrial proceeding.[2]  CIPA Section 5 requires a defendant to notify the government before such a disclosure.  CIPA Section 5 provides in part as follows:

> If a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant, the defendant shall, within the time specified by the court or, where no time is specified, within thirty days prior to trial, notify the attorney for the United States and the court in writing.  Such notice shall include a brief description of the classified information.  Whenever a defendant learns of additional classified information he reasonably expects to disclose at any such proceeding, he shall notify the attorney for the United States and the court in writing as soon as possible thereafter and shall

---

2. While this discussion might be helpful in the present case, it is important to note that the United States has not provided the defendant (or his defense counsel) with classified information and does not presently intend to do so.

> include a brief description of the classified information. No defendant shall disclose any information known or believed to be classified in connection with a trial or pretrial proceeding until notice has been given under this subsection and until the United States has been afforded a reasonable opportunity to seek a determination pursuant to the procedure set forth in section 6 of this Act, and until the time for the United States to appeal such determination under section 7 has expired or any appeal under section 7 by the United States is decided.

18 U.S.C. App. III § 5(a).

Once the government learns through the defendant's Section 5 notice that he intends to disclose classified information during trial, CIPA Section 6 allows <u>the government</u> to obtain a hearing to challenge the relevance and admissibility of the information and, if necessary, propose an alternative to disclosure of the classified information itself.  If the United States moves for a hearing under CIPA Section 6, it is required to provide the defendant with notice of the classified information that is at issue.  The notice "must identify the specific classified information at issue whenever that information previously has been made available to the defendant by the United States.  When the United States has not previously made the information available to the defendant in connection with the case, the information may be described by generic category, in such forms as the court may approve, rather than by identification of the specific information

of concern to the United States."[3]  Although the defendant's citation is not verbatim, it appears as if it is this language contained in CIPA Section 6 which the defendant relies upon when asking the Court to "order the government to provide a description of the classified information in such form as the court may approve."  See Defendant's Motion at 2.

The defendant's request is not supported by the text of CIPA. CIPA Section 6 does not require that the government provide a description of classified information under these circumstances. Likewise, the defendant has not provided a CIPA Section 5 notice, nor has the government requested a hearing under CIPA Section 6.

The defendant's request for a hearing is premised on a mistaken understanding of the Classified Information Procedures Act.  A hearing under these circumstances is not necessary and would likely result in a waste of the Court's resources.  Likewise, the request that the Court order the government to provide a description of classified information is similarly unsupported.

---

3.  18 U.S.C. App 3 § 6(b).

Therefore, the government respectfully requests that the defendant's motion be denied.

```
                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              United States Attorney


                          BY:

                              Jeffrey Auerhahn
                              Aloke Chakravarty
                              Assistant United States Attorneys


                              /S/ Jeffrey D. Groharing
                              JEFFREY D. GROHARING
                              Trial Attorney
                              Counterterrorism
                              National Security Division
                              U.S. Department of Justice
```

Date: January 21, 2011

## CERTIFICATE OF SERVICE

I hereby certify that I have discussed this matter with counsel, and this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electornic Filing (NEF).

```
                              /S/ Aloke Chakravarty
                              ALOKE CHAKRAVARTY
                              Assistant U.S. Attorney
```