```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,    )
                             )
                             )
                             )
     v.                      )    No. 09-CR-10017-GAO
                             )
TAREK MEHANNA                )
                             )
                             )
```

GOVERNMENT'S OPPOSITION TO MOTION FOR BILL OF PARTICULARS

The United States of America, by and through United States Attorney Carmen M. Ortiz, Assistant United States Attorneys ("AUSA") Jeffrey Auerhahn and Aloke S. Chakravarty, and Jeffrey Groharing, Trial Attorney, Counterterrorism Section, United States Department of Justice, hereby responds to the defendant's motion for a bill of particulars. The government opposes the defendant's motion as further particulars are not necessary to understand the nature of the charges against the defendant.

I.  **Applicable Legal Standards**

Motions for bills of particulars are seldom employed in modern federal practice. When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause. United States v. Sepulveda, 15 F.3d 1161(1st Cir. 1993); United States v. Abreu, 952 F.2d 1458 (1st Cir. 1992).

When, as here, the indictment fully complies with the requirements of the Fifth and Sixth Amendments and Fed. R. Crim. P. 7(c), "[a] bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 405 (4th Cir. 1985). "A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government investigation. . . . Rather, it is intended to give the defendant only that minimum of information necessary to permit the defendant to conduct his own investigation." United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985) (citations omitted); United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980) (bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"); Hemphill v. United States, 392 F.2d 45, 49 (8th Cir. 1968) ("[a]cquisition of evidentiary detail is not the function of the bill of particulars").

The test for granting a motion for bill of particulars "is not whether the information sought would be useful to the defendant but rather whether it is necessary to a defense." United States v. DeSalvo, 797 F. Supp. 159, 174 (E.D.N.Y. 1992), quoting, United States v. Sierra-Garcia, 760 F. Supp. 252, 268 (E.D.N.Y. 1991). "The Government does not have a duty to furnish all the facts that

the defendant wants." <u>United States v. Cisneros</u>, 26 F. Supp. 2d 24, 55 (D.D.C. 1998).

II. **A Bill of Particulars is not appropriate in this case**

In this case, the defendant is essentially seeking, through 130 separate requests, to have the government define terms, provide factual information, commit to proofs, and otherwise narrow how the government will be permitted to prove the charges. To set the stage for such an extraordinary request, he attempts to characterize the extensive discovery production as abusive in order to garner some kind of concession by compelling the government to narrow the manner of proof by which it will attempt to prove its case. Such horse-trading is inappropriate in a case of this importance and complexity, and moreover, will not accomplish the stated goal of helping the defendant narrow his focus on crucial pieces of evidence. As Judge Learned Hand famously wrote:

> Under our criminal procedure the accused has every advantage. While the prosecution is held rigidly to the charge, he need not disclose the barest outline of his defense. He is immune from question or comment on his silence; he cannot be convicted when there is the least fair doubt in the minds of any one of the twelve. Why in addition he should in advance have the whole evidence against him to pick over at his leisure, and make his defense, fairly or foully, I have never been able to see.

<u>United States v. Garrson</u>, 291 F. 646, 649 (S.D.N.Y. 1923).

As the defendant's own motion for release on bail demonstrates, the defendant is able to understand the charges

against him.  Rather, through the motion for a bill of particulars, he inappropriately seeks to require the government to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants. . . ." United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971).  Similarly, the motion should be denied to avoid "freezing" the Government's evidence in advance of trial.  Such freezing comes about because of the rule that requires conformity of the proof at trial with the particulars furnished in a bill. United States v. Boffa, 513 F. Supp. 444, 485 (D. Del. 1980) (citations omitted).  The law does not require such commitment, and the corollary effect will be to deprive the government of its day in court, and the jury with the ability to make the factual findings which the defendant seeks to predetermine.

    There are no particular surprises here given how extensively the government has laid out its case.  The Defense is not entitled to know what the Government strategy will be vis-a-vis the jury in this case beyond being aware of the allegations against him, and the evidence which will be used to prove the guilt of the accused.  The Defense in this case is armed with both.  The Defense not only has been provided with that evidence, but it also has the benefit of a detailed indictment which spells out the nature of the charges, detailed complaint and search warrant affidavits and detention proffers which specifically enumerate evidence which

tends to prove the charges in the indictment, and puts context around the voluminous evidence provided to the defense.

What information the defense chooses to further investigate or develop is a considered and strategic decision just as it is for the government. Cf. Fed. R. Crim. P. 16(a)(2) (exempting from discovery translation work product that the Government uses in preparation of its indictment); United States v. Welch, 15 F.3d 1202, 1209 (1st Cir. 1993).  The government has additional obligations, of which it is acutely aware, and with which it is mindfully complying and utilizing the judicially supervised procedures designed to balance countervailing equities.  The fact that the government has produced to the Defense materials which may support multiple methods of proving the allegations in the indictment, does not mean that it has to identify which pieces of evidence are beneficial to the government's case, or by contrast, to indicate which produced pieces of evidence or which theories of prosecution it is *not* going to use.  Discovery law is not a vehicle to exclude evidence from trial.  To the contrary, discovery law requires production of evidence to the defense in large part, so that it may be used, by either party, in a manner consistent with each party's theory of the case.

The purpose of a bill of particulars is not to demonstrate a manner of proof or to provide a factual basis for charges, but rather to place the accused in a position so that an accused has

the information necessary to understand the nature of the charges against him.  Here, the defendant is seeking additional discovery in the form of interrogatories and attempts to limit the government's proofs rather than obtain a further explanation of the charges.  Typically notice of the time, place, manner and means of an offense takes the form of a simple indictment, without exposition of the manners of proof, responses to interrogatories, factual explications of why certain pieces of evidence are significant and the other types of questions which the defendant seeks answered through his motion.  Skilled counsel, such as the defendant's, will have little difficulty divining the significance of pieces of evidence.  What the defendant seeks through this motion is effectively a preview of the government's evidence and trial presentation.  This is not the function of a bill of particulars.

The closest the defendant comes to meeting the true nature of a bill of particulars is when he requests that the government further specify under which theories of material support the government will proceed.  Such a request can be construed as a request to know the means of the commission of the offense.  However, even this request should not be allowed by the court because it would prevent the jury from being able to decide whether the provision of certain assets or services would fall within a category of support which is otherwise properly pled in the

indictment. The government should be permitted to proceed under all of the appropriate theories of liability stated in a criminal statute, and needn't elect in the form of a bill of particulars. See United States v. Afshari, 635 F. Supp. 2d 1110, 1121 (C.D.Ca. 2009)(citing Russell v. United States, 369 U.S. 749, 764-765 (1962))(an 18 U.S.C. §2339B case restating "An indictment that tracks the statutory language is generally sufficient to state a claim, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged."). The defendant here has more than enough explanation as to the time, place, manner and means of the defendant's conduct to adequately understand the charges against him. See, e.g., United States v. Sattar, 314 F. Supp. 2d 279, 303 (S.D.N.Y. 2004); United States v. Abdi, 498 F. Supp. 2d 1048, 1054, 1066-1068 (S.D.Oh. 2007).

With respect to one set of factual discovery requests however, the government is prepared to identify the individuals otherwise identified by initials in public documents. Obtaining that list however, does not necessitate a bill of particulars, as the abbreviation is simply a well-meaning attempt to protect the public disclosure of the identities of these individuals rather than some complicated cryptography to abuse the defendant. This should go without saying inasmuch as the defendant knows with whom he

communicated.  The government will promptly provide to counsel pursuant to the protective order in this case, a key to identifying the individuals identified by initials.

III. **Conclusion**

    Wherefore, the defendant's motion should be denied.

                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              United States Attorney

                    BY:   /s/ Aloke Chakravarty
                           ALOKE CHAKRAVARTY
                           JEFFREY AUERHAHN
                           Assistant United States Attorneys

                           JEFFREY D. GROHARING
                           Trial Attorney
                           Counterterrorism Section
                           National Security Division
                           U.S. Department of Justice

Date: January 21, 2011

CERTIFICATE OF SERVICE

    I hereby certify that I have discussed this matter with counsel, and this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                              /S/ Aloke Chakravarty
                              ALOKE CHAKRAVARTY
                              Assistant U.S. Attorney