```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
                             )
       v.                    )    Criminal No. 09-10017-GAO
                             )
                             )
TAREK MEHANNA                )
```

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR VIDEOCONFERENCING DEFENSE WITNESSES' TESTIMONY

The United States of America, by and through United States Attorney Carmen M. Ortiz, and Assistant United States Attorneys ("AUSA") Jeffrey Auerhahn and Aloke S. Chakravarty, for the District of Massachusetts, and Jeffrey D. Groharing, Trial Attorney, Counterterrorism Section, National Security Division, United States Department of Justice, files this opposition to the defense request to conduct video-teleconferencing of the testimony of defense witnesses, in lieu of their appearance and live testimony at trial. The government understands that the defendant may ultimately elect not to call these witnesses at this juncture in the case or that it may in part be moot, but to the extent those circumstances change, the government files this opposition so its position is fairly anticipated.

The defendant's motion should be denied because he failed to request Rule 15 depositions, which could have obtained testimony from these witnesses prior to this point and has not shown sufficient exceptional circumstances that would necessitate

1

video-conference of testimony.

I. Introduction

Four weeks into this trial, long after witness lists were exchanged, the defendant seeks to obtain the witness testimony of two witnesses via video-teleconferencing (VTC") instead of having them appear in court like each of the other witnesses in this case. The defendant's only proffered reason is for the convenience of the witnesses, one a U.S. national college student abroad, and another a pharmacist in Abu Dhabi (NFI). That is an insufficient reason to abrogate Rule 26 of the Federal Rules of Criminal Procedure, and to explain non-compliance with Rule 15, which requires a showing of exceptional circumstances, true unavailability and materiality of testimony.

The motion's untimeliness is prejudicial and raises logistical concerns. For example, there is no time to verify the witnesses' identities; no realistic way to enforce perjury laws; and no realistic way to obtain foreign government cooperation necessary to make logistical arrangements, administer oaths or verify identities.

More fundamentally, the government is at a prejudicial disadvantage if the defendant can call anyone he wishes from around the world in order to testify on the defendant's behalf, without having to be within the jurisdiction of court and follow the procedures dictated by rule and law. While there may be some

exceptional and limited circumstances where such testimony is permitted over the objection of the government, this should not be such a circumstance.

    II.   <u>Applicable Law</u>

Rule 26 of the Federal Rules of Evidence requires that the "testimony of witnesses must be taken in open court." Fed. R. Evid. 26. Congress has approved the use of video-conferencing in certain circumstances during a criminal case, specifically during a defendant's initial appearance and arraignment. <u>See</u> Fed. R. Crim. Pro 5(f), 10(c). There is, however, no general rule allowing the video-testimony of witnesses in criminal trials. While Rule 43 of the Federal Rules of Civil Procedure provides that "for good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location," there is no analogous rule in the Federal Rules of Criminal Procedure.

In promulgating the Federal Rules of Criminal Procedure, Congress particularized the circumstances in which the use of VTC could be used in lieu of live testimony in judicial proceedings. See Fed.R.Crim.P. 5(f) (permitting the use of VTC at an initial appearance with the defendant's consent); Fed.R.Crim.P. 10(c) (authorizing VTC at arraignment, if the defendant consents). <u>See also</u> 18 U.S.C. § 3509(b)(1) (authorizing child's testimony by VTC

in a prosecution for an offense against a child). Thus, it is apparent that, when Congress wished to authorize the use of VTC testimony, it said so with particularity.

Further, as the Court of Appeals pointed out in <u>United States v. Yates</u>, 438 F.3d 1307, 1314-1315 (11th Cir. 2006) in 2002, the Advisory Committee on the Criminal Rules suggested a revision to Fed.R.Crim.P. 26 that would have allowed the presentation of testimony by VTC.  However, when the Supreme Court transmitted to Congress proposed amendments to the Federal Rules of Criminal Procedure, it declined to transmit the proposed amendment to Rule 26 that would have allowed such a substitute for live testimony.  Justice Scalia filed a statement explaining that his declination to do so was predicated upon the view that such an amendment would violate the Confrontation Clause; although, the Confrontation Clause is not implicated where the defense seeks to present testimony via VTC, the proposal made by the Rules Advisory Committee and the Court's subsequent action thereon, suggests that neither the Committee nor the Supreme Court believed that, in their extant form, the Rules authorized the entertainment of VTC testimony as a substitute for that of live witnesses.

Despite this, courts have allowed both government witnesses and defense witnesses to testify in criminal trials via video-conference, but only in exceptional circumstances and where Rule

4

15 depositions were not appropriate.  In <u>United States v. Gigante</u>, 166 F.3d 75, 81 (2d Cir. 1999), for example, the United States Court of Appeals for the Second Circuit affirmed the district court's decision to allow the testimony of a government witness who was 1) in the Witness Protection Program and 2) too ill to travel.  There the government was able to make the threshold "exceptional circumstances" showing entitling it to a Rule 15 deposition, but the trial court determined that video-conference testimony afforded greater protection of the defendant's confrontation rights.  However, the Second Circuit noted that "closed-circuit television should not be considered a commonplace substitute for in-court testimony by a witness. There may well be intangible elements of the ordeal of testifying in a courtroom that are reduced or even eliminated by remote testimony."  <u>Id.</u> at 81.

In <u>United States v. Banki</u>, 10-CR-08 (JFK), 2010 WL 1063453 (S.D.N.Y. 2010), the court denied a defendant's motion to allow witnesses to testify via video-conference from Iran despite the fact that there was the potential they would be arrested as co-conspirators if they traveled to the United States.  The court noted that Iran was "entirely beyond the reach of the United States" and thus the witnesses would be free from the potential for any perjury prosecution if they were to lie under oath.  <u>Id.</u> at 2.  The court indicated that the defendant could have sought

Rule 15 depositions, which would have made testimony by his witnesses available, and the defendant's desire to not delay his trial date by taking these depositions did not make the use of videoconferencing necessary.  Id. at 3-4.

The United States has neither extradition nor mutual legal assistance treaties with the United Arab Emirates or Lebanon.

> III. Rule 15 Depositions Would Have Been The Proper Mechanism to Obtain the <u>Testimony Sought By the Defendant</u>

Rule 15 of the Federal Rules of Criminal Procedure provides that depositions may be ordered "because of exceptional circumstances and in the interest of justice."  Fed. R. Crim. Pr. 15.  The defendant essentially argues that because only the defendant has Confrontation Clause rights, there is no harm to the Government in his presenting witnesses via video-conference. To the contrary, while the Government's right to confront and cross-examine defense witnesses does not take on constitutional dimensions, it cannot be seriously disputed that the Government would be badly disadvantaged by being forced to conduct cross-examination of a witness via a television screen. <u>See</u> <u>Alford v. United States</u>, 282 U.S. 687, 691 (1931) ("Cross-examination of a witness is a matter of right") (<u>citing</u> <u>The Ottawa</u>, 70 U.S. 268, 271 (1865)); see also Fed. R. Evid. 611.  "[I]t is widely acknowledged that the simple truth is that confrontation through a video monitor is not the same as physical

face-to-face confrontation." Yates, 438 F.3d at 1315; United States v. Bordeaux, 400 F.3d 548, 554 (8th Cir. 2005) (noting that "the virtual confrontations offered by closed-circuit television systems fall short of the face-to-face confrontations standard because they do not provide the same truth-inducing effect. . . .  It is always more difficult to tell a lie about a person to his face than behind his back.") (internal quotes omitted).  Where, as here, there is a provision in the Rules that would allow the defendant to take the proposed testimony, the government submits that the Rules should be followed and the defendant should have requested to take testimony by Rule 15 deposition long before trial.[1]

    IV.   The Defendant Has Not Made a Showing of Exceptional Circumstances Necessitating Testimony by Videoconference

As indicated above, courts have only allowed video-testimony in exceptional circumstances.  Here, the defendant provides no evidence of any exceptional circumstances.  Rather he indicates the witnesses are busy.  The defendant neither indicates what, if any, efforts those individuals have made to get visas and arrange for travel to the United States.  Nor has he made an effort to describe the subject matter of their testimony or why it would be

---

[1] Here, the defendant has known for over a year that his trial date was approaching and nothing has changed that would have prevented him from pursuing the Rule 15 route.  Moreover, he did not even notice his desire to pursue this avenue until weeks into trial.

7

important to his defense. See U.S. v. Resurrecion, 978 F.2d 759, 762 (1st Cir. 1992)("The Constitution does not automatically entitle a criminal defendant to obtain unobtainable testimony.") The international witnesses who have thus far testified were no less busy, and there was a conspicuous lack of concern for their schedules, convenience and taxpayer dollars at that time. As such, the defendant's motion does not even establish facts that rise to the level to justify the use of video-conference testimony for these witnesses in this criminal case, and to do so under these circumstances would be contrary to the applicable rules and practice.

V. Conclusion

Based on the foregoing arguments and authority, the United States respectfully requests that this Court deny the defendant's motion.

                                          Respectfully submitted,

                                          CARMEN M. ORTIZ
                                          United States Attorney

                                          By: /s/ Aloke Chakravarty
                                          Aloke S. Chakravarty
                                          Jeffrey Auerhahn
                                          Assistant U.S. Attorneys

                                          Jeffrey D. Groharing
                                          Trial Attorney
                                          Counterterrorism Section
                                          National Security Division
                                          U.S. Department of Justice

Date:     December 1, 2011

CERTIFICATE OF SERVICE

    I hereby certify that I have discussed this matter with counsel, and this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                        /a/ Aloke Chakravarty
                                        Aloke S. Chakravarty
                                        Assistant U.S. Attorney