UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 09-10017-GAO |
| | ) | |
| | ) | |
| TAREK MEHANNA | ) | |

**MOTION IN LIMINE TO LIMIT DEFENSE QUESTIONING OF DR. MARC SAGEMAN REGARDING WHETHER HE HAS A SECURITY CLEARANCE**

The United States of America, by and through United States Attorney Carmen M. Ortiz, and Assistant United States Attorneys ("AUSA") Jeffrey Auerhahn and Aloke S. Chakravarty, for the District of Massachusetts, and Jeffrey D. Groharing, Trial Attorney, Counterterrorism Section, National Security Division, United States Department of Justice, hereby moves the Court to restrict the defense from eliciting testimony from Dr. Marc Sageman regarding whether or not he has a security clearance and what benefit having a clearance would provide in developing opinions regarding terrorism.

**DISCUSSION**

On September 29, 2011, the defense provided the government with an expert disclosure regarding Dr. Sageman's proposed testimony. The disclosure has subsequently been supplemented on two occasions and the most recent iteration was provided on December 6, 2011.

The most recent disclosure makes three separate references to the fact that Dr. Sageman has a security clearance. On page one, the defense states "[s]ince 2005, Dr. Sageman has had government security clearances restored to help various government agencies deal with the problem of terrorism." On page two the defense reiterates the same point. Finally, on page six, the defense states (in the portion of the notice providing the bases for his opinions), that "[his

1

access to classified information has given him an appreciation of the world of terrorism which has allowed him the luxury to check his conclusions and methodology."

The defense questioned Mr. Kohlmann extensively regarding classified information.[1] The defense first asked whether classified information is essential to have a complete and thorough and accurate knowledge of how an FTO operates.  Notably, the defense has indicated that Dr. Sageman will testify about the organizational structure of al Qaeda.  After highlighting that Mr. Kohlmann does not have a clearance, the defense then asked "[w]ould someone who is a special advisor on intelligence to the deputy chief of staff of the United States Army likely have access to classified information?"[2]  The defense then asked "Dr. Marc Sageman – would Marc Sageman, who is the special advisor to the deputy chief of staff – to the joint chiefs of staff on intelligence – be able to tell you whether he has access to classified information?"  The defense continued eliciting testimony regarding the significance of having a security clearance, asking:

> Mr. Kohlmann, it would not give you access to everything seized in the bin Laden compound?  Do you know that Dr. Marc Sageman, whom you identified on Friday as sitting in the courtroom – you can state as a fact that he would not have access to the material seized in the bin laden compound.  That's a fact you're stating?[3]

This entire line of questioning was improper.  There is no legitimate purpose to highlight the fact the Dr. Sageman has a clearance, either through Mr. Kohlmann or Dr. Sageman.  It would clearly be inappropriate if Dr. Sageman was relying on classified information to form the basis of his opinions.  Similarly, it is improper to suggest that access to classified information enhances the reliability of the information he provides, as the defense has done in their disclosures.  Despite the statements in the written pleadings, in discussions with the prosecution, the defense agreed,

---

1 See R. at 27- 137.
2 Id at 145.
3 Id.

and indicated, both immediately after the exchange with Mr. Kohlmann on December 5, and again on December 7, that none of Dr. Sageman's testimony will rely on classified information. However, the latest defense notice provided on December 6th contradicts these statements.  See December 6, 2011 defense notice at 6 ("[Dr. Sageman's] access to classified information has given him an appreciation of the world of terrorism which has allowed him the luxury to check his conclusions and methodology").

The defense has already created the potential to mislead the jury by questioning Mr. Kohlmann regarding Dr. Sageman's access to classified information.  Whether or not Dr. Sageman has a clearance is irrelevant.  He did not (and cannot) rely on any classified information to form the opinions he will offer in this case and defense questioning in that regard likely left the jury with the misperception that he was privy to classified information and therefore his opinion should be given more weight than someone who does not hold a security clearance.  There was no legitimate basis to ask these questions in the first instance and similar questions posed to Dr. Sageman (or any other witness) concerning whether Dr. Sageman has a clearance or whether having a clearance would assist in providing opinions regarding al Qaeda are likewise inappropriate.

## CONCLUSION

Accordingly, for the reasons stated herein, the government respectfully requests that the Judge enter an order prohibiting the defense from eliciting testimony regarding whether or not Dr. Sageman possesses a security clearance and what benefit having a clearance would provide in developing opinions regarding terrorism.

                                                    Respectfully submitted,
                                                    CARMEN M. ORTIZ
                                                    United States Attorney

                                                    Aloke S. Chakravarty
                                                    Jeffrey Auerhahn
                                                    Assistant U.S. Attorneys

                                                By: /s/ Jeffrey D. Groharing

                                                    Jeffrey D. Groharing
                                                    Trial Attorney
                                                    Counterterrorism Section
                                                    National Security Division
                                                    U.S. Department of Justice

Date:   December 8, 2011

## CERTIFICATE OF SERVICE

      I hereby certify that I have discussed this matter with counsel, and this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                    /s/ Jeffrey D. Groharing
                                                    Jeffrey D. Groharing
                                                    Trial Attorney
                                                    Counterterrorism Section
                                                    National Security Division
                                                    U.S. Department of Justice